■ In the Matter of W. PHILLIPS COLTON, JR., and Nineteen Other Tenants on Their Own Behalf and On Behalf of Various Tenants Similarly Situated, Of Premises 145 East 74th Street, Borough of Manhattan, Appellant, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Respondent, and SAMUEL GREENBERG & Co., Intervenor-Respondent. In the Matter of SAMUEL GREENBERG & Co., Appellant, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Respondent, and W. PHILLIPS COLTON, JR., Intervenor-Respondent.— The aforesaid two appeals are consolidated and disposed of as follows: Judgments dismissing the petitions reversed, on the law and the facts, without costs and without disbursements, the determination of the City Rent Administrator, dated December 29, 1965, annulled, and the matter remanded to the Administrator for reconsideration and, in addition, to make findings on the valuation of the property, the essential services required to be furnished, and the maintenance of essential services on the issuance of the order, if any, increasing the maximum rent. These are two article 78 proceedings to review the said determination of the Administrator, increasing rents of the premises involved pursuant to subdivision g of section Y51–5.0 of the Administrative Code of the City of New York. Thereunder an increase may be awarded where the net annual return is less than 6% of the valuation of the property. The valuation is the current assessed valuation unless it is determined "that the value of the property is an amount different from the assessed valuation where there has been a bona fide sale of the property" after March 15, 1958, and prior to the application, as the result of "normal financing terms". In determining normal financing terms, the following factors are required to be considered: the ratio of cash received by the seller to sales price and annual gross income; outstanding mortgages, including purchase-money mortgages, as compared with assessed value; the ratio of sales price to annual gross income; the presence of deferred amortization as to, or discount on, the assignment of

purchase-money mortgages; and other facts and circumstances of the sale relative to financing. Substantial issues are here present as to several statutory factors. (*Matter of Van Cortland Assoc.* v. *Gabel,* 21 A D 2d 192; *Matter of Shafer* \. *Gabel,* 21 A D 2d 648, revd. 16 N Y 2d 513; *Matter of East 53rd, Inc.* v. *Gabel,* 21 A D 2d 647, revd. 16 N Y 2d 521). The landlord is required to allege and prove the maintenance of essential services. (*Matter of Halperin* v. *Caputa,* 10 A D 2d 286, affd. 8 N Y 2d 916.) The determination herein is devoid of findings which would reconcile the terms of the financing with the statutory norms and the maintenance of essential services. The record is incomplete without findings in support of the statutory factors required to be considered by the Administrator. (*Matter of Jantzen* v. *Weaver,* 10 A D 2d 75.) Concur — Steuer, J. P., Capozzoli and McNally, JJ.; Tilzer and McGivern, JJ., dissent in the following memorandum by McGivern, J.: I dissent and would affirm the decision of Special Term dismissing the petitions. I perceive no point in remanding this already protracted matter to the Administrator for reconsideration and to make further findings. This would place an unnecessary and an undue burden on the Administrator's office. The matter has already been before him since February, 1964, and he has rendered a realistic and an equitable determination of the complex issues before him, based on a voluminous record. An examination of the Administrator's order and opinion, issued December 29, 1965, discloses the making of findings, fully adequate and sufficiently specific to sustain his determination. His determination will finally result in the landlord obtaining a fair return on his investment, to which he is entitled, and the tenants paying a rental commensurate with the locale of this apartment house, situated as it is, on East 74th Street, one block from Park Avenue, in the heart of the historic and proverbial "Silk Stocking District". Thus, the function of the Administrator has been reasonably, and indeed, creditably, fulfilled. In judging the normalcy of the financing, objections directed to the cash ratio should not be accorded a disproportionate weight, particularly when it appears the mortgage was refinanced six months after the sale. The "cash payment received by the seller" is still the criterion. (Administrative Code, § Y51–5.0, subd. g, par. [1]). And the Administrator's statutory discretion to determine the relative weight of the cash factor, although not unfettered, should not be interfered with, except for the most cogent reasons, not here present. (*Matter of Bisker* v. *Gabel,* 23 A D 2d 720.) The results herein obtained dismay me not at all, and in my opinion the determination, including the findings as to essential services, survives the classic tests of reasonableness and freedom from arbitrariness and caprice.